IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TROY WILLIAMS,<br>　　　　*Defendant.* | Case No. 21-CR-82-2 (KBJ)<br><br>Hearing Date:　February 17, 2021 |

**OPPOSITION TO THE DEFENDANT'S MOTION FOR FOREIGN TRAVEL**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to the defendant's motion to travel to Peru. For the reasons set forth herein, as well as any other reasons identified in a hearing on this matter, the United States opposes the defendant's release for foreign travel.

**Background**

On January 6, 2021, the defendant, Troy Williams, traveled from his home in Kentucky with two other persons to Washington, D.C., and thereafter disrupted the Constitutionally mandated, Joint Session of Congress for the counting of Electors by participating in the storming of the U.S. Capitol. He crossed barricades and police lines, and physically entered the U.S. Capitol Building on two separate occasions. He stands before the Court charged with violations of 18 U.S.C. §§ 1752(a)(1), (a)(2) and (b)(1)(A) (Unlawful Entry), 40 U.S.C. § 5104(e)(2)(D) and 5104(e)(2)(G) (Violent Entry or Disorderly Conduct) and 18 U.S.C. § 2(a), and faces a maximum of three years imprisonment.

The defendant was presented before the U.S. District Court in the Eastern District of Kentucky on February 1, 2021 and he was released on his personal recognizance with several conditions, including that he not travel outside the continental United States without approval from

the Court. On February 10, 2021, the defendant appeared for his initial appearance before Magistrate Judge Robin M. Meriweather, who released him with that same condition of release. On February 9, 2021, the defendant filed a Motion for Defendant to Travel (to Peru). The filing sought leave to travel to get married, but it did not address several obvious concerns about the proposed travel. First, the motion does not address how the defendant would be able to travel to Peru during the pandemic, or more importantly, return to the United States after having traveled for several weeks in foreign country where newer, potentially vaccine-resistant strains of COVID-19 have been found.[1] Second, the motion does not address the very real risk of flight in this case if the defendant were permitted to travel. Lastly, the motion does not address the impact his travel would have on the co-defendant, if he were to be detained in Peru after traveling there due to ever changing travel restrictions. In short, the defendant cannot meet his burden to demonstrate that the travel would not create am undue risk of flight, or otherwise endanger himself and others.

**Discussion**

As the Court may be aware, Peru currently is listed by the U.S. Centers for Disease Control (CDC) as at its highest level of risk, Level 4: COVID-19 Very High, which means that "Travelers should avoid all travel to these destinations." https://www.cdc.gov/coronavirus/2019-ncov/travelers/map-and-travel-notices.html The CDC further has further specifically advised that "Travel increases your chances of getting and spreading COVID-19" and that "Travelers should avoid all travel to Peru." Further, the Peruvian government has placed new movement restrictions on persons inside the country due to the pandemic, and has identified hot spot danger zones subject to harsh movement control. https://travel.state.gov/content/travel/en/international-

---

[1] The Brazilian strain of COVID-19 has been identified in Peru. https://andina.pe/Ingles/noticia-health-min-confirms-brazilian-covid19-variant-in-peru-832539.aspx (February 4, 2021 article explaining dangerous new strain found in Peru). Numerous countries have instituted new travel bans on countries where new strains of COVID-19 have been found, including the United States.

travel/International-Travel-Country-Information-Pages/Peru.html#/    As such, there is an extremely high risk that if the defendant even reaches Peru, he may be subject quarantine, indefinite detention inside Peru, or further delay or quarantine at connecting airports.  Moreover, the defendant has not identified where exactly he is going or staying in Peru, why he needs to go for so long, or how he intends to get out of the country (with his new spouse) if the U.S. government were to place travel restriction on him (or his spouse) while he is in Peru.

Additionally, the defendant's travel to Peru to get married would create a very significant risk of flight.  The cost of living in most parts of Peru is much lower than the United States, and once married, it would be very easy for him to start a new life, with his new spouse, and stay in Peru to avoid these criminal charges.  Importantly, while the U.S. does have an extradition treaty with Peru, it does not cover misdemeanor offenses.  *See Extradition Treaty between the United States of America and the Republic of Peru*, signed on July 26, 2001, T.I.A.S. 03-825 at Art. II, cl.1.  While the government does not have a current belief that the defendant is a risk of flight under his current conditions of release, his travel to Peru would create that risk – one which would be otherwise worthy of detention pending trial under 18 U.S.C. § 3142(f)(2)(A).

Lastly, the defendant's travel request presents a very serious risk of delay of this co-defendant matter.  Given the serious chance of the defendant's lengthy quarantine in Peru, the government (and the Court) would be prejudiced by expending additional government resources to try this co-defendant matter twice.  As such, judicial economy weighs in favor of denying the defendant's travel request.

**Conclusion**

For all of the foregoing reasons, the government respectfully submits that the defendant's travel request be denied.

                                    Respectfully submitted,

                                    MICHAEL R. SHERWIN
                                  Acting United States Attorney
                                  N.Y. Bar No. 4444188

By:              /S/
                                  Tejpal Chawla
                                  Assistant United States Attorney
                                  D.C. Bar. 464012
                                  National Security Section
                                  United States Attorney's Office
                                  555 4th Street, N.W., 11th Floor
                                  Washington, D.C. 20530
                                  202-252-7280
                                  Tejpal.chawla@usdoj.gov